IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARISSE DUCKETT,
on behalf of
R.E., a minor,

              Plaintiff,

v.

JOANNE B. BARNHART
Commissioner of Social Security,

              Defendant.

CV 03-1589 TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiff Charisse Duckett brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), on behalf of her minor child, R.E., to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying a claim for Supplemental Security Income benefits. For the reasons set forth below, the Commissioner's decision should be remanded for payment of benefits.

1 - FINDINGS AND RECOMMENDATION

R.E. was found disabled on January 26, 1995, based on attention deficit disorder, oppositional defiant disorder, and mental retardation. The State Agency determined that his disability terminated on November 30, 1997. R.E. seeks a closed period of disability benefits from December 1, 1997 through August 31, 2001. The medical records accurately set forth R.E.'s medical history as it relates to his claim. The court has carefully reviewed the records, and the parties are familiar with them. Accordingly, the details will not be recounted here.

## PROCEDURAL HISTORY

An Administrative Law Judge (ALJ) held hearings on July 1, 1999, October 19, 1999, and December 7, 1999. On January 18, 2000, the ALJ found that R.E. was not entitled to benefits. On March 2, 2001, the Appeals Council denied R.E.'s request for review. R.E. sought judicial review of the Commissioner's decision, and this court remanded the case for further proceedings by Order dated March 8, 2002. Remand was ordered because the ALJ had failed to apply the adjudicatory criteria of the interim rules for child SSI determinations issued by the Social Security Administration (SSA) on February 11, 1997, and because the transcript of the December 1999 hearing with Gary Sacks, Ph.D., a non-examining medical expert upon whose opinion the ALJ relied, was not in the administrative record. The Commissioner was directed either to obtain the missing hearing transcript or give plaintiff a new hearing.

The missing transcript was not located, and another hearing was held on May 1, 2003, with a new medical expert. On June 18, 2003, the ALJ again found that R.E. was not entitled to benefits. The Appeals Council denied R.E.'s request for review, making the ALJ's decision the final decision of the Commissioner. R.E. now seeks judicial review of the Commissioner's decision.

2 - FINDINGS AND RECOMMENDATION

## DISCUSSION

R.E. contends that the ALJ erred by: (1) relying on the lost hearing testimony of Dr. Sacks; and (2) rejecting the opinion of his treating physician.

I. <u>Testimony of Dr. Sacks</u>

In his June 2003 decision the ALJ made the following references to Dr. Sacks:

> At the Hearing of December 7, 1999, the impartial medical expert, Dr. Sacks, following his review of all the medical and school evidence of record, as set forth above, testified that the claimant has a severe impairment of Attention Hyperactivity Deficit Disorder (ADHD), with Oppositional Defiant Disorder (ODD), as a questionable secondary diagnosis, having been dropped by his doctors at the Children's Center, since March of 1998. However, Dr. Sacks opined that the claimant's severe impairments of ADHD and ODD do not "meet or medically" equal the requisite criteria for any impairments listed in the regulations. Dr. Sacks also rendered an opinion as to the claimant's Functional capacities in the five areas, which is set out below, with other functional assessments rendered by Dr. Williams, the state agency and Dr. Niosi [citations omitted, none of the exhibits referenced by the ALJ refer to or are authored by Dr. Sacks]. Tr. 390.

> Dr. Niosi also rendered an opinion as to the claimant's Functional capacities in the five areas, which is set out below, with other functional assessments rendered by Dr. Williams, the state agency, the Hearings Officer and Dr. Sacks [citations omitted, none of the exhibits referenced by the ALJ refer to or are authored by Dr. Sacks]. Tr. 391.

> In consideration of all the testimony and evidence of record, including lay opinions from the claimant's teachers and school psychologists, I find I wholly concur with and give great weight to the opinions rendered by the impartial medical experts, Dr. Sacks and Dr. Niosi, finding their opinions are both consistent with and supported by the substantial evidence, as set forth above. *Id.*

/ / /

> ...on December 7, 1999, the impartial medical expert, Dr. Sacks, also rendered an assessment of the claimant's functional limitations, across the five domains.... Tr. 394.

3 - FINDINGS AND RECOMMENDATION

Dr. Sacks, in rendering his opinion as to the claimant's functional limitations, testified that the claimant does well, when he is on medication, noting for example that he is playing a key position on the football team which requires social skills and concentration. Therefore, in his opinion, Dr. Sacks stated he cannot be mentally disabled. *Id.*

The ALJ concluded:

I wholly concur with and give **great** weight to the functional assessments rendered by the state agency, the Hearings Officer, and the two impartial medical experts [Sacks and Niosi].... Tr. 395 (emphasis added).

The Commissioner argues that, because the ALJ called a new medical expert at the 2003 hearing, any reference to Dr. Sacks' testimony is harmless error, citing *Batson v. Comm. of the Social Sec. Admin.*, 359 F.3d 1190 (9th Cir. 2004). However, the *Batson* court found that the ALJ's assumption that the plaintiff sat for six to ten hours a day while watching television was harmless error "in light of the substantial evidence supporting the ALJ's conclusions on Batson's credibility...." *Batson*, 359 F.3d at 1197.

It is clear from the ALJ's opinion that he gave significant, or "great" weight to Dr. Sack's testimony, despite the fact that the transcript of the December, 1999 hearing was lost. The ALJ's findings are not supported by substantial evidence in the record. 42 U.S.C. §405(g).[1]

## II. Testimony of Tracy G. Williams, M.D.

Dr. Williams has been R.E.'s treating physician since 1998. In October 1999 she opined that R.E. "has several interactive features that make communication difficult. Due to the fact that his condition I still feel is only partially treated and not monitored as closely as I would like, I

---

[1]The evidence relied upon by the ALJ should be in the record, because otherwise it obviously cannot be reviewed by this court or any other. Having failed to locate a transcript of Dr. Sack's testimony at the previous hearing, it is mystifying that the ALJ reiterated reliance on that testimony notwithstanding the directions on remand.

4 - FINDINGS AND RECOMMENDATION

would not describe his deficit as marked. I think he has shown to have significant skills cognitively and has potential for improvement in his communicative function." In February 2003 she noted her October 1999 opinion, and stated that R.E. had had marked deficits in cognitive and communicative functioning until September 2001, and that he continued to have marked deficits in concentration, persistence and pace. Tr. 658.

The ALJ stated:

> I give no weight to Dr. Williams assessment of February 13, 2003, and very little weight to her letter of October 22, 1999, for the following reasons. First, Dr. Williams is not a psychologist or psychiatrist. Her primary responsibility to the claimant was in accomplishing his sports physicals, as an Internal Medicine Doctor. Second, in combination with the claimant's mother's failure to insure her son complies with his medication regimen, there are no signs or findings whatsoever to support Dr. Williams in her otherwise unexplained change in her assessment of area (l), from October 1999 to February 2003. Lastly, the assessments rendered by Dr. Williams are not consistent with or supported by substantial and medical evidence of record [citations omitted]. Tr. 393.

That Dr. Williams is not a psychologist or psychiatrist is not a legitimate reason to discredit her opinion. *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987). The record indicates that Dr. Williams prescribed medication for R.E.'s ADHD and that she communicated with his school in order to coordinate his care. Tr. 628, 656. Dr. Williams' 1999 assessment was based on her observation that R.E.'s condition was not adequately treated at that time. Her 2003 assessment that R.E. had marked limitations in cognitive and communicative functions until September 2001 is consistent with reports of his behavior at school. In June 2000 school personnel reported that R.E. had been suspended three times during the year for "refusing to cooperate with school personnel, disruptive conduct (fighting), and profanity and vulgarity." Tr.

5 - FINDINGS AND RECOMMENDATION

656. He had been referred to the office "numerous times" and "assigned to our in-school suspension program and Saturday School for not cooperating with school personnel and excessive tardies." *Id.* He was described as "always off task," and the school had "significant concerns about hyperactivity, aggression, conduct problems and atypicality (the tendency to behave in ways that are immature, considered 'odd')." *Id.* During the 1998-1999 school year R.E. was disciplined 31 times for kicking, pushing, throwing objects at students, and using obscene language, and was repeatedly removed from class for being disruptive and inappropriate. Tr. 289-90.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 CFR § 404.1527(d)(2). An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Id.* at 1202, citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 CFR 404.1527. *Id.* citing SSR 96-2p. An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*

The ALJ's determination that Dr. Williams' 2003 opinion is not credible is not supported by the record. The ALJ's rejection of Dr. Williams' opinion is not supported by specific, legitimate, or clear and convincing reasons.

6 - FINDINGS AND RECOMMENDATION

/ / /

III. Remand for Payment of Benefits Is Appropriate

The decision whether to remand for further proceedings or for immediate payment of benefits is within the court's discretion. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.), *cert. denied,* 531 U.S. 1038 (2000). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel,* 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2)
> there are no outstanding issues that must be
> resolved before a determination of
> disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the
> claimant disabled were such evidence credited. *Id.*

The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The ALJ improperly rejected the testimony of Dr. Williams as to R.E.'s cognitive and communication functioning. If credited as true, that opinion establishes that R.E. is entitled to a closed period of benefits.

It is clear from the record that the ALJ would have to award benefits if this matter were

7 - FINDINGS AND RECOMMENDATION

remanded for further proceedings. Accordingly, the court should remand this case for the purpose of permitting the Commissioner to calculate and award of benefits.

## RECOMMENDATION

The court should reverse the decision of the Commissioner and remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for payment of benefits.

Dated this 12th day of May, 2005.

THOMAS M. COFFIN
United States Magistrate Judge